UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DAVID CHARLES LIPPOLD

    Plaintiff,

v.                                                          CASE NO. 3:17-cv-177-J-MCR

ACTING COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

    Defendant.
_____/

## **MEMORANDUM OPINION AND ORDER**[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying his application for a period of disability and disability insurance benefits. Plaintiff alleges he became disabled on April 1, 2013. Plaintiff's application was denied initially and on reconsideration. A hearing was held before the assigned Administrative Law Judge ("ALJ") on May 13, 2015, at which Plaintiff was represented by an attorney. (Tr. 40-92.) The ALJ found Plaintiff not disabled since April 1, 2013, the alleged onset date, through June 30, 2015, the date last insured. (Tr. 21-35.)

Plaintiff is appealing the Commissioner's decision that he was not disabled during the relevant time period. Plaintiff has exhausted his available administrative remedies and the case is properly before the Court. The

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. (Docs. 11, 14.)

undersigned has reviewed the record, the briefs, and the applicable law. For the reasons stated herein, the undersigned determines that the Commissioner's decision is **AFFIRMED**.

## I. Standard of Review

The scope of this Court's review is limited to determining whether the Commissioner applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the Commissioner's findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating the court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings).

## II. Discussion

Plaintiff raises two issues on appeal. First, Plaintiff argues that the ALJ failed to properly weigh the medical opinion evidence, including the opinions of treating physician Gregory Gibson, M.D., and failed to properly evaluate Plaintiff's residual functional capacity ("RFC"). (Doc. 15 at 11.) Second, Plaintiff argues that the ALJ failed to properly evaluate his credibility. (*Id*. at 16.)

Defendant responds that the ALJ properly discounted the opinions of Dr. Gibson. Defendant contends that the ALJ articulated valid reasons for according Dr. Gibson's opinions no weight, and those reasons are supported by substantial evidence. (Doc. 16 at 5.) Defendant further asserts that the ALJ properly evaluated and rejected the Plaintiff's subjective complaints concerning the intensity and persistence of his alleged symptoms. (*Id.* at 13.)

### A. The ALJ's Decision

The ALJ determined that Plaintiff had severe impairments, including "history of two prior cervical spine anterior fusions at C5/C7; history of left shoulder rotator cuff repair; history of chronic low back pain with posterior lumbar spine fusion at L5/S1 and a history of obesity." (Tr. 26.) The ALJ then determined at step three that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (Tr. 27.)

At step four, the ALJ made the following RFC determination:

> [Plaintiff] had the [RFC] to perform a range of light work as defined in 20 CFR 404.1567(b). Specifically, [Plaintiff] has the ability to sit for up to four hours and stand/walk for a total of four hours in an eight-hour workday with the ability to alternate his position between sitting and standing/walking every 30 minutes. He should perform no more than occasional pushing and pulling of arm/hand or foot/pedal controls. Posturally, [Plaintiff] can occasionally perform activities including climbing of ramps and stairs, but he must avoid all climbing of ropes, ladders or scaffolds. All other postural maneuvers are able to be done occasionally. In terms of manipulative activities, including reaching in all directions, handling, and fingering, he can perform these on a frequent basis, although he is not permitted to reach overhead. Environmentally, [Plaintiff] should avoid work at unprotected heights, around dangerous moving machinery or in proximity to heavy industrial vibrations.

(Tr. 27.) In making his finding, the ALJ evaluated the medical opinion evidence and accorded "no weight" to the opinions of Dr. Gibson, who opined that Plaintiff had symptoms "persist[ing] to the point of impairment/disability," and that Plaintiff was, *inter alia*, able to sit for less than an hour; stand/walk for less than an hour in an 8-hour workday; required frequent breaks; and would miss work more than three times per month. (Tr. 495, 498, 500.) When evaluating the opinion evidence, the ALJ noted that:

> Dr. Gibson has rarely treated the claimant over the prior two years, he has not treated the claimant for musculoskeletal related issues, his physical exams fail to demonstrate significant problems, and there are no substantial notations during the applicable period concerning the claimant's alleged carpal tunnel syndrome . . . Dr. Gibson's functional assessment is unsupported by his own medical records and is inconsistent with the information obtained from other medical sources as discussed in this decision and his opinion involves an issue reserved for the Commissioner.

4

(Tr. 32-33.) In making his finding, the ALJ also considered Plaintiff's alleged impairments and Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms. The ALJ ultimately found that Plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." (Tr. 29.) The ALJ found that through the date last insured, Plaintiff was capable of performing his past relevant work as a receptionist. (Tr. 33.) Alternatively, the ALJ found that there were other jobs existing in significant numbers in the national economy that Plaintiff was able to perform, such as cashier II and information clerk. (Tr. 35.)

### B. The ALJ Properly Evaluated the Opinions of Dr. Gibson

Plaintiff contends that the ALJ erred by according "no weight" to the opinions of Dr. Gibson. (Doc. 15 at 12.) Plaintiff also argues that the ALJ erred by finding that Dr. Gibson improperly opined on an issue "reserved for the Commissioner." (*Id.* at 13.) The undersigned disagrees.

The ALJ is required to consider all the evidence in the record when making a disability determination. *See* 20 C.F.R. § 404.1520(a)(3). With regard to medical opinion evidence, "the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011). Substantial weight must be

given to a treating physician's opinion unless there is good cause to do otherwise. *See Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).

"'[G]ood cause' exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating's physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004). When a treating physician's opinion does not warrant controlling weight, the ALJ must nevertheless weigh the medical opinion based on: (1) the length of the treatment relationship and the frequency of examination, (2) the nature and extent of the treatment relationship, (3) the medical evidence supporting the opinion, (4) consistency of the medical opinion to the record as a whole, (5) specialization in the medical issue at issue, and (6) any other factors that tend to support or contradict the opinion. 20 C.F.R. § 404.1527(c)(2)-(6).

Additionally, when electing to disregard the opinion of a treating physician in a social security disability case, the ALJ must clearly articulate his or her reasons, and the reasons for giving little weight to the opinion of the treating physician must be supported by substantial evidence. *See Marbury v. Sullivan*, 957 F.2d 837, 841 (11th Cir.1992); *Phillips*, 357 F.3d at 1241.

Here, the ALJ articulated good cause for discounting Dr. Gibson's opinions, and those reasons are supported by substantial evidence. The ALJ noted that Dr. Gibson's "functional assessment [was] unsupported by his own medical

6

records." (Tr. 33.) For example, the ALJ correctly noted that Dr. Gibson's impairment questionnaire opined that due to carpal tunnel syndrome, Plaintiff had severe hand limitations, but Dr. Gibson's records showed no substantial notations of Plaintiff's alleged carpal tunnel condition. (Tr. 32, 243-46, 414-23, 439-50, 461-71, 474-95.) Medical records do show that Plaintiff was treated on April 10, 2013, for numbness in his fingers; however, Dr. Gibson's treatment notes show that Plaintiff had normal and symmetric reflexes, and full motor strength throughout, except for a slightly reduced left grip strength. (Tr. 245, 422.)

Moreover, as aptly noted by the ALJ, Dr. Gibson treated Plaintiff rarely in the two years leading up to the decision, and treated Plaintiff for issues mostly unrelated to Plaintiff's musculoskeletal issues during that time. (Tr. 32, 416-17 (seeing Plaintiff in September of 2014 for back pain associated with fever and hematuria, and suspected kidney-related condition), 418 (seeing Plaintiff in September of 2014 for a three-month follow up with lab results), 419 (seeing Plaintiff in June of 2014 to discuss weight loss medication), 421 (seeing Plaintiff in April of 2013 for a boil), 461 (seeing a nurse on September 23, 2013 to obtain surgical clearance for a rotator cuff repair, but not returning to Dr. Gibson for almost nine months).) Further, Dr. Gibson's physical exams failed to show any significant problems consistent with his restrictive assessment. (Tr. 32, 243-52, 414-39 (indicating mostly normal physical exams without any severe restrictions reported).)

7

The ALJ also discredited Dr. Gibson's opinions because he found them to be inconsistent with other relevant medical records. (Tr. 33.) For example, Dr. Gibson opined that Plaintiff's ailments persisted to the point of "impairment/disability," however, records from Physician's Pain Center reflected that Plaintiff reported improvement and reduced pain levels, while on medication, with a pain reduction of 30% in May and June 2013; 50% in August and September 2013; and 75% in February 2014. (Tr. 29-30, 261, 265, 271, 279, 287, 336, 345.) Also, an MRI conducted just a few months prior to Plaintiff's onset date, showed "no cervical acute abnormalities and only mild bony foraminal narrowing and only mild thoracic degeneration." (Tr. 29, 258.) In April 2014, Plaintiff reported that physical therapy had improved his overall condition, and in June 2014 he confirmed that his neck pain had further improved. (Tr. 30, 323, 332.) The ALJ further noted that in September 2014, Plaintiff appeared to have improved as he demonstrated normal gait and station, unremarkable extremities, and only mild abnormalities in his cervical and lumbar spine. (Tr. 31, 320.)

The ALJ also highlighted the fact that Plaintiff's physical examinations regularly showed that he was calm, in no apparent distress, and appeared normal with attention to his hygiene and body habitus. (Tr. 30, 263, 267, 277, 281, 285.) While Plaintiff did undergo lumbar fusion in December 2014, he reported improved pain postoperatively, including complete relief of his foot drop and lower left extremity radicular pain. (Tr. 359, 361, 363, 394-95.)

Plaintiff further contends that the ALJ failed to properly evaluate his RFC. Plaintiff argues that the ALJ failed to cite "any specific medical facts or persuasive non-medical evidence that supports the light RFC finding." (Doc 15 at 15.) However, the ALJ determined that Plaintiff could perform a range of light exertional work, and cited multiple records that support this determination. (Tr. 261, 271, 314, 323 (reporting overall improvement and reduced pain levels), 419 (indicating that Plaintiff was able to exercise).) The ALJ also noted that Plaintiff was able to lose 30 pounds by adhering to a prescribed exercise program, which further shows that Plaintiff was able to perform "some work at the light exertional level." (Tr. 31, 418-19.) Thus, the ALJ's RFC determination was proper and is supported by substantial evidence.

The ALJ also did not err by noting that Dr. Gibson rendered an opinion on an issue "reserved for the Commissioner." (Doc. 15 at 13.) As correctly noted by the ALJ, Dr. Gibson's opinion that Plaintiff's symptoms "have persisted to the point of impairment/disability" (Tr. 495), is an issue explicitly reserved for the Commissioner, and is, thus, not accorded any deference. *See* 20 C.F.R. § 404.1527(e); *see also Patterson v. Chater*, 983 F. Supp. 1410, 1414 (M.D. Fla 1997) (stating that medical opinions that a claimant is disabled or unable to work are issues reserved for the Commissioner). The ALJ properly discounted Dr. Gibson's opinion regarding Plaintiff's disability status. Moreover, Dr. Gibson's disability diagnosis was only one of several reasons the ALJ noted for discounting

Dr. Gibson's opinions as a whole.

Finally, contrary to Plaintiff's argument, the ALJ was not required to discuss every factor delineated in the Regulations. *See, e.g., Lawton v. Comm'r of Soc. Sec.*, 431 F. App'x 830, 833 (11th Cir. 2011) ("[T]he ALJ is not required to explicitly address each of th[e delineated] factors.") The ALJ was also correct in assessing the medical opinions of record and determining the ultimate issue of Plaintiff's RFC.

### C. The ALJ Properly Discredited Plaintiff's Testimony

Plaintiff argues that the ALJ's "brief analysis failed to provide substantial evidence for a conclusion that [Plaintiff's] testimony was not credible." (Doc. 15 at 17.) The Eleventh Circuit has articulated that when "the ALJ decides not to credit [a claimant's] testimony, he must articulate explicit and adequate reasons for doing so." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). The pain standard applies when a claimant attempts to establish credibility through his own testimony of pain or other symptoms. (*Id.*)

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

(*Id.*) Once a claimant establishes that his "pain is disabling through objective medical evidence that an underlying medical condition exists that could reasonably be expected to produce the pain," pursuant to 20 C.F.R. § 404.1529,

10

"all evidence about the intensity, persistence, and functionally limiting effects of pain or other symptoms must be considered in addition to the medical signs and laboratory findings in deciding the issue of disability." *Foote v. Chater*, 67 F.3d 1551, 1561; *see also* SSR 96-7p (stating that after the ALJ finds a medically determinable impairment exists, the ALJ must analyze "the intensity, persistence, and limiting effects of the individual's symptoms to determine the extent to which the symptoms limit the individual's ability to do basic work activities").

When a claimant's "statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence," the ALJ "must make a finding on the credibility of the individual's statements based on a consideration of the entire case record." SSR 96-7p.

[C]redibility determinations are the province of the ALJ," *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005), and "[a] clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court," *Foote*, 67 F.3d at 1562.

For each of Plaintiff's medical impairments, the ALJ examined the medical records against Plaintiff's testimony regarding the intensity, persistence, and limiting effects of his symptoms. Upon review of the medical evidence, the ALJ determined that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." (Tr. 29.)

Plaintiff argues that the ALJ "failed to provide substantial evidence for a conclusion that [Plaintiff's] testimony was not credible." (Doc. 15 at 17.) The undersigned disagrees.

The ALJ articulated clear and explicit reasons for finding Plaintiff's complaints of disability not as severe or limiting as alleged. Those reasons are supported by substantial evidence. For example, Plaintiff testified that he would be unable to work due to the side effects of his medication, which he alleged hindered his ability to concentrate. (Tr. 70-71.) However, as noted by the ALJ, "[Plaintiff's] treating physicians consistently document that he reports experiencing a significant reduction of his symptoms while on his medications and that he has always denied experiencing adverse effects from his medication regimen." (Tr. 28-29, 265, 271, 275, 279, 283, 287, 292.) Additionally, medical records reflect that in June 2014, the only issue noted by Dr. Gibson was Plaintiff's "excessive weight" for which he was prescribed an exercise program. (Tr. 31, 416-19.) The ALJ noted that at Plaintiff's follow up appointment, he reported losing 30 pounds, highlighting that his ability to adhere to an exercise program supported Plaintiff's ability to perform some work at the "exertional level." (*Id.*)

The ALJ further discredited Plaintiff's testimony based on the effectiveness of treatment. The ALJ noted that while Plaintiff "has undergone several spinal surgeries as well as rotator cuff repair of his left shoulder[, he] appears to have

had some fair degree of improvement." (Tr. 33.)  The ALJ noted that records from Physician's Pain Center reflected that Plaintiff reported improvement and reduced pain levels, while on medication, with a pain reduction of 30% in May and June 2013; 50% in August and September 2013; and 75% in February 2014. (Tr. 29-30, 261, 265, 271, 279, 287, 336, 345.)

Plaintiff argues that the ALJ failed to cite evidence that is inconsistent with his allegations of disability.  (Doc. 15 at 17.)  However, the ALJ noted that Plaintiff affirmed physical therapy improved his overall condition in April 2014.  (Tr. 30, 323.)  Further, the ALJ found that Plaintiff's physical examinations consistently noted "no acute distress, calm and cooperative attitude, only mildly reduced cervical range of motion, slightly reduced strength in his left shoulder and some moderate tenderness and pain with range of motion in his lumbar spine."  (Tr. 31, 263, 267, 273, 277, 281, 285, 294, 302.)  Following Plaintiff's lumbar fusion, records from Physician's Pain Center indicate significant improvements, and Plaintiff was noted as "happy" with the his surgery and expressed that the procedure had completely relieved his radicular pain on his left lower extremity as well as his foot drop.  (Tr. 31, 359.)  The ALJ properly discredited Plaintiff's testimony.

**III. Conclusion**

The Court does not make independent factual determinations, re-weigh the evidence, or substitute its decision for that of the ALJ.  Thus, the question is not

whether the Court would have arrived at the same decision on *de novo* review; rather, the Court's review is limited to determining whether the ALJ's findings are based on correct legal standards and supported by substantial evidence. Based on this standard of review, the undersigned affirms the ALJ's decision that Plaintiff was not disabled within the meaning of the Social Security Act for the time period in question.

Accordingly, it is **ORDERED**:

1. The Commissioner's decision is **AFFIRMED**.

2. The Clerk of Court is directed to enter judgment accordingly and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, on July 25, 2018

*[signature]*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record